# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBA INC., <br><br> Plaintiff, <br><br> v. <br><br> BLUE BOX OPCO LLC, doing business as INFANTINO, <br><br> Defendant. | Case No.: 19-cv-00304-H-NLS <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND TO STRIKE AFFIRMATIVE DEFENSE** <br><br> [Doc. No. 24.] |

On April 4, 2019, Plaintiff Boba Inc. ("Boba") filed a motion to dismiss Defendant Blue Box Opco LLC doing business as Infantino ("Infantino")'s invalidity counterclaim and to strike Infantino's invalidity affirmative defense. (Doc. No. 24.) On May 6, 2019, Infantino filed a response in opposition to Boba's motion. (Doc. No. 36.) On May 13, 2019, Boba filed its reply. (Doc. No. 44.) The Court took the matter under submission on May 14, 2019. (Doc. No. 48.) For the reasons below, the Court denies Boba's motion to dismiss and to strike.

## Background

The following facts are taken from the allegations set forth in the parties' pleadings. Boba and Infantino are both manufacturers and distributors of baby carriers. (Doc. No. 8, Compl. ¶¶ 1, 4.)

On March 25, 2015, in response to assertions of patent infringement, Infantino, the Defendant in this action, filed a declaratory judgment action against non-party Caperon Designs, Inc. d/b/a BECO Baby Carrier, Inc. ("BECO") in the Eastern District of Missouri, seeking to invalidate U.S. Patent No. 7,766,199.[1]  (Doc. No. 24-3.)  Shortly thereafter, Infantino and BECO resolved their dispute and entered into a Confidential Settlement Agreement, Patent License and Covenant Not to Sue ("Licensing Agreement").  (Doc. No. 8 ¶ 6, Ex. B.)  On August 20, 2015, Infantino voluntarily dismissed its claims in the Missouri action without prejudice.  (Doc. No. 24-2.)

On March 30, 2016, Boba acquired BECO.  (Doc. No. 8 ¶ 3.)  Boba alleges that as part of that acquisition, it obtained all right, title and interest in the '199 patent, including the rights contained in the Licensing Agreement.  (Id. ¶ 3, 20.)

On February 12, 2019, Boba filed a complaint against Infantino, alleging a claim for breach of contract.  (Doc. No. 8, Compl.)  Specifically, Boba alleges that under the terms of the Licensing Agreement, Boba is owed royalties from Infantino for the sales of Infantino's Flip 4-In-1™ carrier.  (Id. ¶¶ 12, 24-30.)  Boba alleges that Infantino has breached the Licensing Agreement by refusing to pay those royalties.  (Id. ¶ 31.)

On March 14, 2019, Infantino filed an answer to Boba's complaint and a counterclaim for a declaratory judgment that the '199 patent is invalid.  (Doc. No. 17.)  On April 12, 2019, the Court issued a scheduled order in the action.  (Doc. No. 30.)  By the present motion, Boba moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Infantino's counterclaim for a declaratory judgment of invalidity of the '199 patent, and Boba moves pursuant to Rule 12(f) to strike Infantino's affirmative defense of invalidity of the '199 patent.  (Doc. No. at 1.)

///

---

[1] The Court takes judicial notice of the filings in the Missouri action that were attached as exhibits to Boba's motion to dismiss.  See Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[A court] may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." (citations omitted)); Rowland v. Paris Las Vegas, No. 3:13-CV-02630-GPC, 2014 WL 769393, at *3 (S.D. Cal. Feb. 25, 2014) ("Judicial notice of court records is routinely accepted.").

**Discussion**

I. **Legal Standards**

    A.    Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief containing "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But, a court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, it is improper for a court to assume the

claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

  B. Rule 12(f) Motion to Strike

  Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); accord Kohler v. Islands Rests., LP, 280 F.R.D. 560, 563-64 (S.D. Cal. 2012); see also Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) ("Motions to strike are disfavored and infrequently granted."). In reviewing a motion to strike, the court must view the pleadings in the light most favorable to the non-moving party and accept the factual allegations as true. See Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 554 (D. Haw. 1998); Kelly v. Kosuga, 358 U.S. 516, 516 (1959); PHL Variable Ins. Co. v. Clifton Wright Family Ins. Trust, No. 09CV2344 BTM (POR), 2010 WL 1445186, at *1 (S.D. Cal. Apr. 12, 2010).

  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979) (citations omitted); accord Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. It does not, however, require a detailed statement of facts." Islands Restaurants, 280 F.R.D. at 564 (citing Conley, 355 U.S. at 47). "[A]n affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" Id. (quoting McArdle v. AT&T Mobility, LLC, 657

F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009)); see also Ollier v. Sweetwater Union High Sch. Dist., 735 F. Supp. 2d 1222, 1223–24 (S.D. Cal. 2010) ("Ordinarily a motion to strike will not be granted unless 'the matter to be stricken clearly could have no possible bearing on the subject of the litigation.'"). Further, if a defense is stricken, the court should freely give leave to amend, so long as there is no prejudice to the opposing party. See Fed. R. Civ. P. 15(a)(2); Wyshak, 607 F.2d at 826.[2]

## II. Analysis

Boba argues that the Court should dismiss Infantino's invalidity counterclaim and strike its invalidity defense because Infantino is contractually estopped from challenging the validity of the '199 patent under the language of the Licensing Agreement. (Doc. No. 26 at 3-5.) In response, Infantino argues that under the terms of the Licensing Agreement, it reserved all of its defenses, and it is not estopped from challenging the validity of the '199 patent in this action. (Doc. No. at 40 at 9-17.)

The Federal Circuit has explained that "consent decrees and settlement agreements may at one and the same time provide for a patent license while barring challenges to patent invalidity and unenforceability." Baseload Energy, Inc. v. Roberts, 619 F.3d 1357, 1361

---

[2] The Court notes that a split has developed among district courts within the Ninth Circuit after the United States Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), applying a "plausible on its face" standard to the allegations contained in a complaint. Some district courts have suggested that the Twombly/Iqbal plausibility standard applies to affirmative defenses contained in an answer. See, e.g., Dion v. Fulton Friedman & Gullace LLP, No. 11-2727 SC, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012); Hernandez v. Cty. of Monterey, 306 F.R.D. 279, 283 (N.D. Cal. 2015). Other district courts have rejected the contention that Twombly and Iqbal altered the standard for evaluating the pleading sufficiency of affirmative defenses, and have held that the "fair notice" standard of Wyshak continues to apply. See, e.g., Kohler v. Staples the Office Superstore, LLC, 291 F.R.D. 464, 468 (S.D. Cal. 2013); Pac. Dental Servs., LLC v. Homeland Ins. Co. of N.Y., No. SACV 13-749-JST JPRX, 2013 WL 3776337, at *1-2 (C.D. Cal. July 17, 2013).

The Ninth Circuit has not explicitly addressed whether the Twombly/Iqbal plausibility standard applies to affirmative defenses contained in an answer. However, the Ninth Circuit has continued to recognize the Wyshak fair notice standard in evaluating the pleading sufficiency of affirmative defenses even after Twombly and Iqbal. See, e.g., Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015); Simmons, 609 F.3d at 1023. Accordingly, the Court will also continue to apply the Wyshak fair notice standard in evaluating Boba's Rule 12(f) motion to strike.

(Fed. Cir. 2010). But the Federal Circuit has clarified that provisions "asserted to preclude litigation of the issue of validity in connection with a new claim must be construed narrowly." Foster v. Hallco Mfg. Co., 947 F.2d 469, 481 (Fed. Cir. 1991). Thus, "invalidity and unenforceability claims may be released, but only if the language of the agreement or consent decree is clear and unambiguous." Baseload Energy, 619 F.3d at 1361; see also Ecolab, Inc. v. Paraclipse, Inc., 285 F.3d 1362, 1376 (Fed. Cir. 2002) ("[A] party does not waive its right to challenge the validity of a patent as to future accused products absent a clear intent to do so."). If a settlement agreement following litigation contains such a "clear and unambiguous" release of the right to challenge the validity or enforceability of the patent-in-suit, then an "accused infringer is contractually estopped from raising any such challenge in any subsequent proceeding." Flex-Foot, Inc. v. CRP, Inc., 238 F.3d 1362, 1370 (Fed. Cir. 2001).

The relevant provisions of the Licensing Agreement are as follows.

[2.b] Blue Box [d/b/a Infantino] hereby promises to, within five (5) days of the Effective Date, file a voluntary dismissal without prejudice of the Lawsuit, each party to bear his or her own attorneys' fees and costs. Blue Box [d/b/a Infantino] reserves the right to re-file, in any United States jurisdiction its claims for declaratory judgment upon any breach of Section 2.a, above, and reserves all defenses. Patent Owner reserves all claims resulting from a material breach of this Agreement.

[9.b] Likewise, Blue Box [d/b/a Infantino] hereby releases and forever discharges Patent Owner, its respective subsidiaries, parent companies, affiliates, officers, directors, members, employees, successors, and assigns from any and all known and unknown claims, causes, rights, actions, suits, proceedings, debts, dues, contracts, damages, claims, counterclaims, affirmative defenses, and demands, including any which it made or asserted, or could have made or asserted, prior to the Effective Date of this Agreement.

[9.c.] The Parties agree that the foregoing releases do not include the release of any rights or obligations that are created by or result from this Agreement, or that arise subsequent to the Effective Date of this Agreement. Nothing in this Agreement shall prevent a Party from asserting claims for breach of this Agreement.

6

19-cv-00304-H-NLS

(Doc. No. 8-1, Compl. Ex. B §§ 2.b, 9.b, 9.c.)

Boba argues the above language represents a clear and unambiguous waiver of any future challenge to the '199 patent's validity by Infantino. (Doc. No. 26 at 4-5.) The Court disagrees, in particular at this stage in the proceedings where all inferences must be drawn in the favor of Infantino. See Retail Prop. Trust, 768 F.3d at 945. In arguing that the Licensing Agreement contains a clear and unambiguous release, Boba focuses on the following sentence from section 2.b of the agreement: "Blue Box [d/b/a Infantino] reserves the right to re-file, in any United States jurisdiction its claims for declaratory judgment upon any breach of Section 2.a, above, and reserves all defenses." (Doc. No. 8-1, Compl. Ex. B § 2.b.) But this sentence contains a clause expressly stating that Infantino "reserves all defenses," which would include a defense that the patent-in-suit is invalid. (Id.)

In response, Boba argues that under the language of the agreement, Infantino only reserved its defenses in the event that Boba breached the contract, which is not alleged in this action. (Doc. No. at 3-4.) But in the sentence above, the clause stating that Infantino reserves its right to refile its declaratory judgment action "upon any breach of Section 2.a" of the contract, is separated by comma from the separate clause stating that Infantino "reserves all defenses." (Doc. No. 8-1, Compl. Ex. B § 2.b.) In light of this comma, at best, it is ambiguous whether Infantino's right to assert "all defenses" is dependent upon a breach by Boba. This is insufficient to demonstrate a clear and unambiguous release of Infantino's invalidity defenses.

Boba argues that to interpret this clause to allow Infantino to reserve all of its defenses regardless of whether there is a breach renders the preceding phrase in the sentence meaningless. (Doc. No. 47 at 4.) Boba is incorrect. Under this interpretation, the first clause of the sentence still has meaning. Under this interpretation, the first clause of the sentence would still prohibit Infantino from initiating and filing a declaratory judgment action challenging the validity of the '199 patent absent a breach by Boba. But, under this interpretation, Infantino would not be prohibited from challenging the validity of the '199 patent in defense to a claim of patent infringement, as is the case here.

7

Further, to support its argument that there was a clear and unambiguous release, Boba attempts to rely on the Federal Circuit's decision in Flex-Foot, Inc. v. CRP, Inc., 238 F.3d 1362, 1370 (Fed. Cir. 2001), where the Federal Circuit found that an accused infringer was contractually estopped from challenging the validity of the relevant patents. (Doc. No. 26 at 3-4.) But the Flex-Foot decision is easily distinguishable from the present case. Unlike in this case, the agreement at issue in Flex-Foot had clear express language stating that the licensee "waive[d] any and all invalidity and unenforceability defenses in any future litigation" and agreed "not to challenge or cause to be challenged, directly or indirectly, the validity or enforceability of the [patents]." Id. at 1364. The Licensing Agreement at issue here has no such similar language. (See generally Doc. No. 8-1, Ex. B.) Indeed, to the contrary, the Licensing Agreement in this case contains a provision expressly stating that Infantino "reserves all defenses." (Id. § 2.b.) Further, Flex-Foot involved a settlement agreement that was accompanied by a dismissal with prejudice. See 238 F.3d at 1367-68 ("[A] dismissal with prejudice and accompanying settlement agreement certainly gives rise to contractual estoppel of Springlite's challenge to the '363 patent's validity."). In contrast, the Licensing Agreement in this case was accompanied by a dismissal without prejudice. (Doc. No. 24-2.)

Finally, Boba argues that, in order for Infantino to reserve its right to challenge the validity of the '199 patent, Infantino needed to include express language in the Licensing Agreement reserving such rights. (Doc. No. 47 at 1.) Boba is wrong. Under the standards set forth by the Federal Circuit, an accused infringer retains its right to challenge the validity of a patent unless the agreement contains a "clear and unambiguous" release of that right. Baseload Energy, 619 F.3d at 1361; see also Ecolab, 285 F.3d at 1376 ("[A] party does not waive its right to challenge the validity of a patent as to future accused products absent a clear intent to do so."). Thus, absent a clear and unambiguous release, an accused infringer retains the right to the challenge the validity of a patent in the future even if the agreement does not expressly state that the infringer is retaining that right. See id.

In sum, Boba has failed to demonstrate at this stage in the proceedings that the Licensing Agreement contains a clear and unambiguous release of Infantino's invalidity claims and defenses. As a result, the Court denies Boba's motion to dismiss Infantino's invalidity counterclaim and to strike Infantino's invalidity defense.

## Conclusion

For the reasons above, the Court denies Plaintiff Boba's motion to dismiss and to strike.

**IT IS SO ORDERED.**

DATED: May 15, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT