1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

12

13

14

15

16

17

BOBA INC.,

Plaintiff,

v.

BLUE BOX OPCO LLC, doing business as INFANTINO,

Defendant.

Case No.: 19-cv-00304-H-NLS

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR LEAVE TO AMEND**

[Doc. No. 50.]

18

19

20

21

22

23

On May 17, 2019, Defendant Blue Box Opco LLC doing business as Infantino filed a motion for leave to amend its answer and counterclaim. (Doc. No. 50.) On May 20, 2019, the Court took the motion under submission. (Doc. No. 51.) On June 5, 2019, Plaintiff Boba Inc. filed a response in opposition to Infantino's motion. (Doc. No. 59.) On June 12, 2019, Infantino filed a reply. (Doc. No. 60.) For the reasons below, the Court grants in part and denies in part Infantino's motion for leave to amend.

24

**Background**

25

26

27

The following facts are taken from the allegations set forth in the parties' pleadings. Boba and Infantino are both manufacturers and distributors of baby carriers. (Doc. No. 8, Compl. ¶¶ 1, 4.)

28

On March 25, 2015, in response to assertions of patent infringement, Infantino, the

1

Defendant in this action, filed a declaratory judgment action against non-party Caperon Designs, Inc. d/b/a BECO Baby Carrier, Inc. ("BECO") in the Eastern District of Missouri, seeking to invalidate U.S. Patent No. 7,766,199.[1]  (Doc. No. 24-3.)  Shortly thereafter, Infantino and BECO resolved their dispute and entered into a Confidential Settlement Agreement, Patent License and Covenant Not to Sue ("Licensing Agreement").  (Doc. No. 8 ¶ 6, Ex. B.)  On August 20, 2015, Infantino voluntarily dismissed its claims in the Missouri action without prejudice.  (Doc. No. 24-2.)

On March 30, 2016, Boba acquired BECO.  (Doc. No. 8 ¶ 3.)  Boba alleges that as part of that acquisition, it obtained all right, title and interest in the '199 patent, including the rights contained in the Licensing Agreement.  (Id. ¶ 3, 20.)

On February 12, 2019, Boba filed a complaint against Infantino, alleging a claim for breach of contract.  (Doc. No. 8, Compl.)  Specifically, Boba alleges that under the terms of the Licensing Agreement, Boba is owed royalties from Infantino for the sales of Infantino's Flip 4-In-1™ carrier.  (Id. ¶¶ 12, 24-30.)  Boba alleges that Infantino has breached the Licensing Agreement by refusing to pay those royalties.  (Id. ¶ 31.)

On March 14, 2019, Infantino filed an answer to Boba's complaint and a counterclaim for a declaratory judgment that the '199 patent is invalid.  (Doc. No. 17.)  On April 12, 2019, the Court issued a scheduling order in the action.  (Doc. No. 30.)  On May 15, 2019, the Court denied Boba's motion to dismiss Infantino's invalidity counterclaim and to strike Infantino's invalidity affirmative defense.  (Doc. No. 49.)  By the present motion, Infantino moves for leave to amend its answer and counterclaims to allege four new counterclaims for: (1) a declaratory judgment that the Flip 4-in-1™ baby carrier is not a licensed product under the settlement agreement; (2) breach of contract; (3) fraud; and

---

[1]    The Court has taken judicial notice of the filings in the Missouri action that were attached as exhibits to Boba's earlier filed motion to dismiss.  See Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[A court] may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." (citations omitted)); Rowland v. Paris Las Vegas, No. 3:13-CV-02630-GPC, 2014 WL 769393, at *3 (S.D. Cal. Feb. 25, 2014) ("Judicial notice of court records is routinely accepted.").

(4) unfair competition.  (Doc. No. 50-1 at 1; see Doc. No. 50-2, Ex. A.)

**Discussion**

**I.      Legal Standards**

Federal Rule of Civil Procedure 15(a) allows a party leave to amend its pleading once as a matter of right prior to service of a responsive pleading.  Thereafter, "a party may amend that party's pleading only by leave of the court or by written consent of the adverse party and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Ninth Circuit has instructed that this policy is "'to be applied with extreme liberality.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).  "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)).  The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court."  Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1331 (9th Cir. 1996).

**II.     Analysis**

By the present motion, Infantino moves for leave to amend its answer and counterclaims to allege four new counterclaims for: (1) a declaratory judgment that the Flip 4-in-1™ baby carrier is not a licensed product under the settlement agreement; (2) breach of contract; (3) fraud; and (4) unfair competition.  (Doc. No. 50-1 at 1; see Doc. No. 50-2, Ex. A.)  In response, Boba argues that the Court should deny Infantino's request for leave to amend as to Infantino's proposed counterclaim for fraud because that counterclaim is futile.[2]  (Doc. No. 59 at 1, 2.)

A.      Futility

In its proposed fraud counterclaim, Infantino alleges two theories of fraud.  First, Infantino alleges that Boba committed fraud by willfully withholding from Infantino the

---

[2]      Boba does not argue that Infantino's other proposed counterclaims are futile.

fact that Boba did not possess title to the '199 patent prior to December 14, 2018. (Doc. No. 50-2, Ex. A ¶ 77.)  Second, Infantino alleges that Boba committed fraud by willfully withholding from Infantino the fact that Boba failed to timely pay a USPTO maintenance fee for the '199 patent between August 3, 2018 and December 5, 2018. (Doc. No. 50-2, Ex. A ¶ 78.)  Boba argues that both of these theories of fraud are futile. (Doc. No. 59 at 2-6.)  The Court will address the sufficiency of Infantino's allegations for each theory of fraud in turn below.

### i.     Legal Standards for Futility of Amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). "'[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)); accord Barahona v. Union Pac. R.R. Co., 881 F.3d 1122, 1134 (9th Cir. 2018).  In other words, "[a] proposed amended complaint is futile if it would be immediately 'subject to dismissal.'  Thus, the 'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011), on reh'g en banc, 681 F.3d 1041 (9th Cir. 2012) (citations omitted); see Miller, 845 F.2d at 214.

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

(quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But, a court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### ii. Legal Standards for Pleading Fraud

Under California law, "[t]he elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004). Here, Infantino's proposed fraud counterclaim is based on an alleged nondisclosure/concealment of certain information by Boba. (See Doc. No. 50-2, Ex. A ¶¶ 76-78.)

"To maintain a cause of action for fraud through nondisclosure or concealment of facts, there must be allegations demonstrating that the defendant was under a legal duty to disclose those facts." Los Angeles Mem'l Coliseum Com. v. Insomniac, Inc., 233 Cal. App. 4th 803, 831 (Ct. App. 2015); see OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp., 157 Cal. App. 4th 835, 845 (Ct. App. 2007), as modified (Dec. 26, 2007). "There are four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." Los Angeles Mem'l Coliseum, 233 Cal. App. 4th at 831 (internal quotation marks and citations omitted); accord OCM, 157 Cal. App. 4th at 859. "Where . . . there is no

5

fiduciary relationship, the duty to disclose generally presupposes a relationship grounded in 'some sort of transaction between the parties. Thus, a duty to disclose may arise from the relationship between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement.'" Los Angeles Mem'l Coliseum, 233 Cal. App. 4th at 831 (citations omitted); accord OCM, 157 Cal. App. 4th at 859.

Further, under Federal Rule of Civil Procedure 9, a plaintiff must plead fraud with particularity. Fed. R. Civ. P. 9(b). "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). This means that the plaintiff must allege the "who, what, when, where, and how of the misconduct charged." United States v. United Healthcare Ins. Co., 848 F.3d 1161, 1180 (9th Cir. 2016). To this end, "mere conclusory allegations of fraud are insufficient." Id. "Broad allegations that include no particularized supporting detail do not suffice, but 'statements of the time, place and nature of the alleged fraudulent activities are sufficient.'" Id. (internal citations omitted.)

### iii. Infantino's Allegations of Fraud Based on Boba's Alleged Failure to Disclose Its Lack of Title to the '199 Patent Prior to December 14, 2018

Infantino bases part of its proposed fraud counterclaim on Boba's alleged failure to disclose that it did not possess title to the '199 patent prior to December 14, 2018. (Doc. No. 52-2, Ex. A ¶¶ 24-34, 46-48, 50, 77.) In response, Boba argues that this theory of fraud is futile because Infantino has failed to adequately plead the required elements of scienter and duty to disclose. (Doc. No. 59 at 4-6.)

As to scienter, Infantino alleges in its proposed counterclaims: "Upon information and belief, Boba's management, including at least Robert Antunovic and Erin Bingham, became aware in 2018, or earlier, that the Defective Beco Assignment was legally defective and did not transfer ownership of the '199 patent to Boba. Upon information and belief, after gaining this awareness, Robert Antunovic and Erin Bingham chose to conceal this material fact from Infantino." (Doc. No. 50-2, Ex. A ¶ 46; see also id. ¶¶ 47-48, 50.)

Although brief, these allegations are sufficient to plead the scienter element in support of Infantino's proposed fraud counterclaim.

The Ninth Circuit has explained that although "'[a]llegations of fraud based on information and belief usually do not satisfy the degree of particularity required under Rule 9(b)[,]' . . . 'the rule may be relaxed as to matters peculiarly within the opposing party's knowledge.'" Wool v. Tandem Computers Inc., 818 F.2d 1433, 1439 (9th Cir. 1987) (citations omitted), overruled on other grounds as stated in Flood v. Miller, 35 Fed. App'x 701, 703 n.3 (9th Cir. 2002); accord Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989); Puri v. Khalsa, 674 F. App'x 679, 687 (9th Cir. 2017). "In such cases, the particularity requirement may be satisfied if the allegations are accompanied by a statement of the facts upon which the belief is founded." Wool, 818 F.2d at 1439; accord Moore, 885 F.2d at 540; Puri, 674 F. App'x at 687. Here, the scienter allegations that Infantino pleads based on information and belief are matters within only Boba's knowledge. Moreover, Infantino has supported these information and belief allegations with allegations of the specific facts upon which Infantino's belief is founded. (See Doc. No. 50-2, Ex. A ¶¶ 23-34.) These factual allegations are sufficient because they provide the who (Robert Antunovic and Erin Bingham); what (the defective Beco assignment); when (December 18, 2018 or earlier); where (the relevant PTO filings); and how (by intentionally concealing the defective assignment from Infantino) of Boba's allegedly fraudulent conduct.[3]

Turning to Infantino's allegations regarding Boba's alleged duty to disclose, Infantino alleges in its counterclaims: "Boba acquired all interest in the Settlement Agreement on March 31, 2016, as part of its acquisition of assets from Caperon Designs.

---

[3] Boba argues that no inference of fraud can be drawn from the PTO assignment documents at issue because the corrective patent assignment filed on December 18, 2018 states that the assignment defect was "due to an error." (Doc. No. 59 at 4 (citing Doc. No. 50-2, Ex. A at Ex. 3).) But this argument misunderstands Infantino's fraud allegations. Infantino is not alleging that Boba commit fraud by defectively assigning the patent in 2016. Rather, Infantino is alleging that Boba committed fraud by later willfully concealing that defective assignment from Infantino. (See Doc. No. 50-2, Ex. A ¶¶ 46-48, 50.)

19-cv-00304-H-NLS

As such, from March 31, 2016 to the present, Boba has been Infantino's counterparty to the Settlement Agreement . . . ." (Doc. No. 50-2, Ex. A ¶ 35.) Infantino further alleges: "As a counterparty to the Settlement Agreement, Boba had a duty to share the withheld information with Infantino . . . ." (Id. ¶ 79.) Here, Infantino alleges a duty to disclose based on the parties' contractual relationship from the Settlement Agreement. In addition, Infantino alleges that Boba actively concealed facts that were within the exclusive knowledge of Boba and not known to Infantino. (Id. ¶ 46-48, 50.) This is sufficient to adequately allege a duty to disclose at the pleading stage. See Los Angeles Mem'l Coliseum, 233 Cal. App. 4th at 831 (explaining that "a duty to disclose may arise from . . . parties entering into any kind of contractual agreement"); OCM, 157 Cal. App. 4th at 859 (same). In sum, Boba has failed to demonstrate that Infantino's allegations of fraud based on Boba's alleged failure to disclose that it did not possess title to the '199 patent prior to December 14, 2018 are futile.

                    iv.     Infantino's Allegations of Fraud Based on Boba's Alleged Failure to Disclose Its Failure to Timely Pay USPTO Fees

Infantino also bases its proposed fraud counterclaim on Boba's alleged failure to disclose that it failed to timely pay a USPTO maintenance fee between August 3, 2018 and December 5, 2018. (Doc. No. 52-2, Ex. A ¶¶ 39-45, 49-50, 78.) In response, Boba argues that this theory of fraud and Infantino's allegations in support of it are legally defective and fail as a matter of law. (Doc. No. 59 at 5-6.) The Court agrees with Boba.

Infantino alleges that the '199 patent expired on August 3, 2018 because the PTO did not receive the required 7.5 year maintenance fee for the patent by that date. (Doc. No. 52-2, Ex. A ¶ 39.) Infantino asserts that due to this failure to timely pay this maintenance fee, the '199 patent was unenforceable from August 3, 2018 through December 4, 2018. (Id. ¶¶ 39, 42.) But Infantino acknowledges in its allegations that on December 5, 2018, the PTO granted a petition to accept a late payment of the maintenance fee owed on the

19-cv-00304-H-NLS

'199 patent pursuant to 37 C.F.R. § 1.378, and the PTO accepted the maintenance fee and reinstated the patent.  (Id. ¶¶ 40-41; see Doc. No. 59-2, Ex. B.)[4]

Under section 1.378:  "The [PTO] Director may accept the payment of any maintenance fee due on a patent after expiration of the patent if, upon petition, the delay in payment of the maintenance fee is shown to the satisfaction of the Director to have been unintentional.  If the Director accepts payment of the maintenance fee upon petition, the patent shall be considered as not having expired."  37 C.F.R. § 1.378(a); see also 35 U.S.C. § 41(c)(1) ("If the Director accepts payment of a maintenance fee after the 6-month grace period, the patent shall be considered as not having expired at the end of the grace period.").  In light of this language, the Federal Circuit has held that "a patent is retroactively rendered enforceable during the lapse time period when the Commissioner accepts a late payment." Fonar Corp. v. Gen. Elec. Co., 107 F.3d 1543, 1554 (Fed. Cir. 1997).

Thus, Infantino's proposed allegations regarding the enforceability of the '199 patent during the period of August 3, 2018 to December 4, 2018 are legally defective and incorrect as a matter of law.  Once the PTO accepted Boba's late payment of the maintenance fee, the '199 patent was retroactively rendered enforceable during that time period.  See 37 C.F.R. § 1.378(a); Fonar, 107 F.3d at 1554.  As such, any alleged concealment by Boba of its late payment of the maintenance fee is immaterial as a matter

---

[4] The Court takes judicial notice of the PTO's December 5, 2018 decision granting the petition under 37 C.F.R. § 1.378(b) because documents issued by the PTO constitute reports of an administrative body. See United States v. 14.02 Acres of Land More or Less in Fresno Cty., 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and 'reports of administrative bodies.'"); see, e.g., NetFuel, Inc. v. Cisco Sys. Inc., No. 5:18-CV-02352-EJD, 2018 WL 4510737, at *2 n.1 (N.D. Cal. Sept. 18, 2018); IPS Grp., Inc. v. Duncan Sols., Inc., No. 15-CV-1526-CAB (MDD), 2016 WL 9023432, at *1 (S.D. Cal. Mar. 18, 2016).  In addition, the Court may take judicial notice of the document under the "incorporation by reference doctrine" because Infantino's proposed counterclaim references and relies on the document. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."); United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

of law because the untimely payment ultimately had no effect on the enforceability of the '199 patent.  Thus, Infantino's theory of fraud based on Boba's alleged concealment of the untimely payment is legally defective and fails to adequately state an actionable claim for fraud.  See Los Angeles Mem'l Coliseum, 233 Cal. App. 4th at 831 (explaining that to constitute actionable fraud the alleged nondisclosure or concealment must be of a material fact).

Infantino argues that the Federal Circuit's holding in Fonar is inapplicable because the Federal Circuit's holding in Fonar was limited to the context of patent damages, and the present case involves royalties owed pursuant to a licensing agreement, not a patent damages issue.  (Doc. No. 60 at 7.)  The Court rejects Infantino's attempt to distinguish Fonar.  In Fonar, the Federal Circuit held that "a patent is retroactively rendered enforceable during the lapse time period when the Commissioner accepts a late payment." 107 F.3d at 1554.  Here, there is no language limiting this holding to the context of only patent damages.  Further, the court in Fonar based this holding on the language in 35 U.S.C. § 41(c)(1), which also does not contain any language limiting its provisions to the patent damages context.

Infantino also argues that under the plain terms of the Settlement and License Agreement at issue that, for a given day, whether a royalty is due for sales on that day depends on whether the patent is valid and enforceable on that day.  (Doc. No. 60 at 7.) But Infantino fails to identify any provision in Settlement and License Agreement that actually contains such language.  (See id.)  The agreement merely states that royalties are due for the period "from January 1, 2015 through January 1, 2020 in the countries where the Patent has been granted and is enforceable."  (Doc. No. 8-1, Ex. B § 4.b)  There is no language in agreement stating that the enforceability of the patent needs to be evaluated on a day-by-day basis as Infantino contends.  Further, even assuming it contained such language, it would be of no consequence because once the PTO accepted Boba's late payment of the fees, the '199 patent was retroactively rendered enforceable for the relevant time period.  See 37 C.F.R. § 1.378(a); Fonar, 107 F.3d at 1554.

19-cv-00304-H-NLS

In sum, Infantino's allegations of fraud based on Boba's alleged concealment of its untimely payment of the '199 patent's maintenance fee are legally defective and fail as a matter of law. As such, these proposed allegations of fraud are futile, and the Court declines to grant Infantino leave to amend its counterclaim to add a claim of fraud based on Boba's alleged concealment of its untimely payment of the maintenance fee for the '199 patent.

B.      The Other Johnson Factors

The other Johnson factors favor granting Infantino leave to amend its answer and counterclaims as to its new proposed counterclaims. See Johnson, 356 F.3d at 1077. Infantino has not previously amended its answer, and there is no evidence of bad faith by Infantino or prejudice to Boba. In addition, there is no undue delay because Infantino filed the present motion for leave to amend within the deadlines for such motions as set by the Court. (See Doc. No. 30 at 5.) Accordingly, the Court grants Infantino leave to amend its answer and counterclaims to add counterclaims for: (1) a declaratory judgment that the Flip 4-in-1™ baby carrier is not a licensed product under the settlement agreement; (2) breach of contract; (3) fraud based on Boba's alleged failure to disclose that it did not possess title to the '199 patent prior to December 14, 2018; and (4) unfair competition.

///

///

///

19-cv-00304-H-NLS

## Conclusion

For the reasons above, the Court grants in part and denies in part Infantino's motion for leave to amend. Specifically, the Court grants Infantino leave to amend its answer and counterclaims to add counterclaims for: (1) a declaratory judgment that the Flip 4-in-1™ baby carrier is not a licensed product under the settlement agreement; (2) breach of contract; (3) fraud based on Boba's alleged failure to disclose that it did not possess title to the '199 patent prior to December 14, 2018; and (4) unfair competition. The Court declines to grant Infantino leave to amend to add a counterclaim of fraud based on Boba's alleged concealment of its untimely payment of the maintenance fee for the '199 patent. Infantino must file its amended answer and counterclaims within **14 days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: July 15, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

19-cv-00304-H-NLS